USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAMARK WILLIAMS,

        *Plaintiff*,

-against-

MICHAEL VACCARO, ET AL.,

        *Defendants*.

No. 19 Civ. 03548 (CM) (SDA)

### DECISION AND ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AARON AND ADOPTING THE REPORT AS THE OPINION OF THE COURT

McMahon, J:

 Pending before the court is a response by *pro se* Plaintiff Shamark Williams ("Plaintiff" or "Williams") to Magistrate Judge Aaron's April 13, 2022, Order (Docket No. 46) that Plaintiff show cause why this action should not be dismissed without prejudice against Defendant New York City Police Officer Michael Vaccaro ("Officer Vaccaro") for failure to timely serve Officer Vaccaro, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

 For the reasons set forth in his Report and Recommendation issued June 1, 2022 (Docket No. 61), Magistrate Judge Aaron recommends that the court dismiss the action without prejudice as to Officer Vaccaro.

 I have reviewed the Report and Recommendation in which the learned Magistrate Judge concludes that Plaintiff's request for an extension of time to service Officer Vaccaro should be denied and this action should be dismissed without prejudice as to Officer Vaccaro because

Plaintiff has not made a showing of good cause for his failure to properly serve which would entitle him to such an extension.

Plaintiff has not filed any objections to the Report and Recommendation. The deadline for doing so passed yesterday.

Judge Aaron's analysis cannot be faulted.  I agree with the Report's conclusion that the complaint should be dismissed as against Officer Vaccaro, notwithstanding the fact that the statute of limitations has run and any new lawsuit against the officer would be dismissed as time barred. Indeed, my only quarrel with Judge Aaron's decision is that he recommends that the complaint be dismissed without prejudice (and indeed, the order to show cause directed Mr. Williams to show why the complaint should not be dismissed "without prejudice").  I do not want Mr. Williams to be under any misapprehension; his claim against Officer Vaccaro is time barred and because I agree that it should be dismissed for failure to serve the officer, it cannot be resurrected.  The effect of this order is to dismiss his claim against Officer Vaccaro *with* prejudice, as Judge Aaron recognized.  (*See* Report and Recommendation at 8-9).

Mr. Williams is not without a remedy. As the learned Magistrate Judge notes, he may well have a timely claim against his former lawyers for malpractice, assuming he sues them (in the New York State Supreme Court, since it is a state law claim in which diversity is lacking) very soon. His lawyers withdrew in November 2020, having failed to effect proper service on the Officer within three years of the occurrence of the event that precipitated this lawsuit; they did so having been advised by the City that the Officer had not in fact been served.  Mr. Williams was indeed entitled to rely on his lawyers to get Officer Vaccaro served, right up until the time they were relieved of their representation.  Serving police officers is not difficult; lawyers accomplish it all the time, so serving in the wrong way (which is what counsel did) would appear to be an error that

falls below the standard of care incumbent on a licensed professional. As Judge Aaron noted, Mr. Williams would have to prove his underlying claim against Officer Vaccaro in order to succeed on a malpractice claim. (Report and Recommendation, n. 7). But the only venue presently open to him to prove his claim against Officer Vaccaro is a lawsuit against his former counsel. He cannot sue the officer any longer.

    I appreciate that Mr. Williams was not asked why his claim should be dismissed with prejudice, so I will at this moment accept the Report's recommendation and dismiss it without prejudice. However, I direct Mr. Williams to show cause, no later than July 15, 2022, why the dismissal should not be converted to one with prejudice, on the ground that the statute of limitations has run.

Dated: June 16, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL