UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMARK WILLIAMS,

                              Plaintiff,

*vs.*

THE CITY OF NEW YORK; MICHAEL
DAZI, in his individual and official
capacity; JASON RAMIREZ, in his
individual and official capacity; and
POLICE OFFICERS JOHN DOES #1, #4-
20 (whose identities are unknown but who
are known to be police officers and/or
supervisory personnel of the New York City
Police Department), in their individual and
official capacities,

                              Defendants.

**PROPOSED SECOND AMENDED
COMPLAINT**

**19-cv-03548 (CM) (SDA)**

**Jury Trial Demanded**

**PRELIMINARY STATEMENT**

1.      This civil rights action is brought in response to the violent acts of police abuse

against Plaintiff SHAMARK WILLIAMS ("Plaintiff"). Plaintiff seeks relief for the Defendants'

violations of his rights as secured by the Civil Rights Act, 42 U.S.C § 1983, and his rights

secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, and

the laws of the State of New York. Plaintiff was deprived of his constitutional and common law

rights when the individual defendants invaded the sanctity of his home without just cause or

lawful authority, utilized excessive force and committed unwarranted and malicious assaults on

plaintiff, unlawfully confined him, and caused the unjustifiable arrest and prosecution of plaintiff

SHAMARK WILLIAMS.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and (a)(4) and the aforementioned statutory and constitutional provisions.

3.      Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all State law claims for relief which derives from the same nucleus of operative facts and are part of the same cause or controversy that give rise to the federally based claims for relief.

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b) and (c), and because the claims arose and Plaintiff reside in this district.

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action on each and every one of his claims.

## NOTICE OF CLAIM

6.      Plaintiff timely filed Notices of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiff' claims against Defendant City of New York.

7.      The City assigned a claim number to Plaintiff's claims, and Plaintiff was subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h on April 20, 2018.

8.      To date, no answer has been received by Plaintiff and no compensation has been offered by Defendant City of New York in response to this claim.

9.      This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## PARTIES

10.     Plaintiff SHAMARK WILLIAMS is an African-American resident of New York County in the City and State of New York.

11.     Defendant New York City Police Officer MICHAEL VACCARO ("Vaccaro"), Shield 31892, is and/or was at all times relevant herein, an officer, employee, and agent of the New York City Police Department ("NYPD"). Police Officer VACCARO is being sued in his individual and official capacities.

12.     Defendant New York City Detective MICHAEL DAZI, Shield 6665, is and/or was at all times relevant herein, an officer, employee, and agent of the New York City Police Department ("NYPD"). Detective DAZI is being sued in his individual and official capacities.

13.     Defendant New York City Detective JASON RAMIREZ, Shield 7507, is and/or was at all times relevant herein, an officer, employee, and agent of the New York City Police Department ("NYPD"). Detective RAMIREZ is being sued in his  individual and official capacities.

14.     Defendant Police Officers JOHN DOES #1-20 ("John Does") are and/or were at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the City. Officer Does are being sued in their individual and official capacities.

15.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

16.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

17.     Plaintiff resides at 530 West 78th Street, apartment 5J, in New York, New York.

18.     On or about January 12, 2018, at approximately 5:00 pm, Plaintiff was in the shared kitchen of his residence preparing his dinner (a veggie burger and rice). Plaintiff resides in a single-room occupancy ("SRO") shared residence. Plaintiff, who suffers from type II diabetes, must eat and take medication regularly in order to avoid diabetic shock.

19.     Plaintiff heard the sounds of a police radio emanating from his hallway. Plaintiff exited the kitchen and engaged in a civil manner with a pair of NYPD officers, one of whom was officer Michael Vaccaro.

20.     Officer Vaccaro and his partner appeared to Plaintiff to be investigating a complaint from a fellow resident, known to Plaintiff as Khaliel. Khaliel was yelling and cursing.

21.     Officer Vaccaro directed Plaintiff to return to the kitchen.

22.     Plaintiff attempted to return to the kitchen to finish preparing his meal. Plaintiff explained that he had to eat right away due to his diabetes. Plaintiff explained that he also needed to inject his insulin.

23.     As Plaintiff walked toward the door of the kitchen, he was forcibly pushed from behind by Officer Vaccaro. Plaintiff was pushed into the wall outside of the kitchen.

24.     Plaintiff asked Officer Vaccaro why he had pushed him.  Officer Vaccaro did not

4

reply.

25.     Plaintiff attempted to enter the kitchen, as he believed his dinner was burning. A second officer ("John Doe #1") then grabbed Plaintiff by the right arm. Plaintiff explained that he had to eat, and that his dinner was on the stove and about to burn.

26.     Plaintiff turned around. Officer Vacarro, standing within touching distance, had drawn his firearm and was pointing it toward Plaintiff's face.

27.     Fearing for his life, Plaintiff asked Officer Vacarro why he was pointing his gun in his face. Officer Vacarro did not reply. John Doe #1 stated, in sum and substance, "he's going to shoot you."

28.     Officer Vacarro then stated "put your hands behind your back." Plaintiff, who was frightened that he would be shot, and recognized he was not free to leave, did not immediately comply.

29.     Within 10 minutes, approximately 15-20 John Doe police officers arrived at the location.

30.     Plaintiff complied with the request of a John Doe officer who respectfully stated, in sum and substance, "sir, please put your arms behind your back until we can figure out what's going on here." Plaintiff was placed in handcuffs.

31.     As Plaintiff was taken from his home, he observed Officer Vaccaro speaking with Khaliel.

32.     Plaintiff was taken to the 33rd Precinct and placed in a cell, alone, for about 2 hours.

33.     While he was in the cell, Officer Vacarro questioned Plaintiff about whether he in fact lived at his address. Plaintiff replied that he did. Neither Officer Vacarro nor any other

NYPD agent or employee questioned Plaintiff about his current mental health or history of mental illness. Plaintiff in fact has no history of mental illness.

34.     At approximately 8:00 p.m., two hours after Plaintiff's arrest, Emergency Medical Services ("EMS") arrived at the precinct.

35.     Through the bars of the cell, an EMS responder asked Plaintiff whether he had requested treatment. Plaintiff replied that he had not. The EMS responder departed the holding area immediately outside the cell, joining about 7 other law enforcement personnel, including other EMS responders.

36.     Plaintiff overheard the discussion between EMS responders and Officer Vaccaro. EMS declined to transport Williams from the station to a hospital because he did not present psychiatric symptoms and had not requested treatment.

37.     At approximately 8:15 p.m., members of the NYPD Emergency Services Unit ("ESU") arrived outside Plaintiff's cell.

38.     The ESU officers were extremely verbally abusive to Plaintiff, stating, in sum substance, "who this fucking guy here? You refusing to go to the psych hospital? It don't matter one way or another – you're going."

39.     Plaintiff reiterated that he did not need psychiatric services.

40.     ESU officers JASON RAMIREZ and MICHAEL DAZI then entered Plaintiff's cell. Plaintiff was seated onthe bench in the cell.

41.     One of the ESU officers JASON RAMIREZ or MICHAEL DAZI immediately grabbed Plaintiff by the rightarm. He twisted Plaintiff's arm and jerked it toward the floor.

42.     One of the ESU officers JASON RAMIREZ or MICHAEL DAZI jumped and landed forcefully on Plaintiff.  One of the ESU officers JASON RAMIREZ or MICHAEL DAZI commenced punching Plaintiff in the chest.

6

43.     One of the ESU officers JASON RAMIREZ or MICHAEL DAZI struck Plaintiff at least ten times, forcibly, in the chest, causingPlaintiff significant pain.

44.     One of the ESU officers JASON RAMIREZ or MICHAEL DAZI then handcuffed Plaintiff. The handcuffs were extremely tight andcaused Plaintiff immediate pain. Plaintiff was also placed in ankle cuffs.

45.     Plaintiff asked that the cuffs be loosened. One of the ESU officers JASON RAMIREZ or MICHAEL DAZI replied, in sum andsubstance, "we ain't loosening that shit."

46.     Plaintiff was forced onto a gurney within the cell. At the same time, Plaintiff's leg was wedged between the gurney and the bench where he had been sitting.

47.     One of the ESU officers JASON RAMIREZ or MICHAEL DAZI then repeatedly struck and kicked Plaintiff in the leg that waswedged.

48.     Plaintiff was removed from the cell and taken to Harlem Hospital by police officers.

49.     Upon arrival, John Doe police officers informed staff at Harlem Hospital that Plaintiff was "bipolar schizophrenic." Plaintiff complained to the medical staff that the handcuffs were causing him physical pain. Plaintiff asked a physician who saw him if she could direct the officers to loosen the handcuffs. John Doe officers replied they would not, out of a concern for the safety of the physician.

50.     About 30 minutes after his arrival, Plaintiff was examined by a psychiatrist. The psychiatrist conducted an examination and concluded, in the presence of the John Doe officers who had transported him, that Plaintiff did not present any psychiatric symptoms.

51.     Plaintiff remained handcuffed and restrained for hours. A few hours later, Officer Vaccaro arrived at Plaintiff's bedside and Plaintiff was discharged by the hospital.

52.     Plaintiff requested that another officer – not Officer Vaccaro - transport him to Central Booking, out of a concern for Plaintiff's safety.

53.     Plaintiff was transported to Manhattan Central Booking by an officer other Officer Vaccaro. Plaintiff was kept overnight until approximately 8:00 a.m. the next morning. Plaintiff was then transported, in custody, to the Criminal Court of the City of New York at 100 Centre Street. He was arraigned at approximately midnight on January 13, 2018. Plaintiff was released on his own recognizance, over twenty fours after his arrest.

54.     In a complaint sworn to by defendant Vaccaro, Plaintiff was charged with two counts of assault in the third degree, aggravated harassment in the second degree, attempted assault in third degree, and harassment in the second degree – all misdemeanors.

55.     The criminal complaint filed against Plaintiff by defendant Vaccaro alleged, *inter alia*, that Plaintiff had intentionally caused injury to one Richard Watson, who is also a resident at 530 West 78th Street. Watson had allegedly "observed the defendant elbow Mr. Watson in the back causing redness and substantial pain to Mr. Watson's back." However, on information and belief, Watson had no contact with the police and did not complain about Plaintiff or allege Plaintiff had assaulted him. Khaliel was not named in the charging documents at all.

56.     Plaintiff was not charged with Resisting Arrest or Obstructing Governmental Administration.

57.     Plaintiff was not given access to his diabetes medication while he was in police custody.

58.     As a result of the permanent injuries he suffered to his wrists during his detainment, Plaintiff required surgery, which he received in December, 2018.

59.     On January 23, 2019, the criminal prosecution was terminated in favor of Plaintiff when the case was dismissed by a judge of the Criminal Court of the City of New York. Mr.

Watson did not sign a corroborating affidavit.

60.     The repeated assaults on SHAMARK WILLIAMS by the defendant police officers was in excess of their authority as NYPD officers. This assault was made without proper cause or legal justification.

61.     Defendants' conduct caused SHAMARK WILLIAMS to sustain physical pain and suffering, including damaged nerves in his wrist, requiring surgery, and psychological and emotional trauma. Their actions constituted outrageous and reckless conduct, demonstrated a callous indifference to and willful disregard of Plaintiff's federal and state protected rights.

**FIRST CLAIM FOR RELIEF**
**Violation of Shamark Williams' Fourth Amendment and Fourteenth Amendment Rights**

62.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

63.     Defendants VACCARO, RAMIREZ, DAZI, and John Does, who were acting in concert and within the scope of their authority, arrested and caused plaintiff SHAMARK WILLIAMS to be imprisoned without probable cause in violation of his right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

64.     Plaintiff SHAMARK WILLIAMS suffered injury as a result of defendants VACCARO, RAMIREZ, DAZI, and John Does' conduct.

**SECOND CLAIM FOR RELIEF**
**Violation of Shamark Williams' Fourth Amendment Rights**

65.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

66.     The use of excessive force by Defendants VACCARO, RAMIREZ, DAZI, and

John Does, acting in concert, in grabbing, pulling, pushing, and forcibly restraining plaintiff SHAMARK WILLIAMS was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States.

67.     Plaintiff SHAMARK WILLIAMS suffered injuries as a result of Defendants VACCARO, RAMIREZ, DAZI, and John Does' conduct.

### THIRD CLAIM FOR RELIEF
### Assault of Shamark Williams

68.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

69.     Defendants VACCARO, RAMIREZ, DAZI, and John Does, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted plaintiff SHAMARK WILLIAMS in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in a violent and/or overt menacing acts, which threatened such contact to the plaintiff, and that such acts caused reasonable apprehension of such contact in the plaintiff.

70.     Defendants VACCARO, RAMIREZ, DAZI, and John Does, were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD.  The City of New York and the NYPD are responsible for the conduct of Defendants VACCARO, RAMIREZ, DAZI, and the John Does officers.

71.     Plaintiff SHAMARK WILLIAMS suffered injury as a result of defendants VACCARO, RAMIREZ, DAZI, and John Does' conduct.

72.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**FOURTH CLAIM FOR RELIEF**
**Battery of Shamark Williams**

73.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

74.     Defendants VACCARO, RAMIREZ, DAZI, and John Does, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff SHAMARK WILLIAMS when they, in a hostile and/or offensive manner unlawfully pulled plaintiff SHAMARK WILLIAMS from his home, and struck, punched and kicked him inside a New York City police precinct, without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

75.     Defendants VACCARO, RAMIREZ, DAZI, and John Does were at all relevant times agents, servants,and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

76.     Plaintiff SHAMARK WILLIAMS suffered injury as a result of defendants VACCARO, RAMIREZ, DAZI, and John Does' conduct.

77.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**FIFTH CLAIM FOR RELIEF**
**False Arrest and False Imprisonment of Shamark Williams**

78.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

79.     The acts and conduct of the defendants VACCARO, RAMIREZ, DAZI, and John Does constitutefalse arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff SHAMARK WILLIAMS and, in fact, confined plaintiff, and plaintiff SHAMARK WILLIAMS was conscious of the confinement.

11

Moreover, plaintiff SHAMARK WILLIAMS did not consent to the confinement and the confinement was not otherwise privileged.

80.     Defendants VACCARO, RAMIREZ, DAZI, and John Does were at all relevant times agents, servants,and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

81.     Plaintiff SHAMARK WILLIAMS suffered injuries as a result of defendants' conduct.

82.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### SIXTH CLAIM FOR RELIEF
### Malicious Prosecution of Shamark Williams

83.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

84.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against plaintiff SHAMARK WILLIAMS. Defendants acted with actual malice in commencing and continuing the proceeding and there was an absence of probable cause for the criminal proceeding. Furthermore, the criminal proceeding was terminated favorably to plaintiff SHAMARK WILLIAMS.

85.     Plaintiff SHAMARK WILLIAMS suffered injury as a result of defendants' conduct.

86.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims. Pursuant to the Fourth Amendment of the United States

Constitution, this Court has jurisdiction to hear the federally based claim.

## SEVENTH CLAIM FOR RELIEF
### Negligent Hiring, Retention, Training and Supervision

87.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

88.     Defendant The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Defendants VACCARO, RAMIREZ, DAZI, and John Does, individuals who were unfit for the performance of police duties on January 12, 2018, at the aforementioned location.

89.     Plaintiff SHAMARK WILLIAMS suffered injuries as a result of the conduct of defendant The City of New York.

90.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## EIGHTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

91.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

92.     Defendants' unlawful conduct was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

93.     Defendants' conduct was intended to and did cause severe emotional distress to Plaintiff SHAMARK WILLIAMS.

94.     The conduct of the defendant police officers was the direct and proximate cause of injury and damage to Plaintiff SHAMARK WILLIAMS and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

13

93      As a result of the foregoing, plaintiff SHAMARK WILLIAMS was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damages and injured.

94.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## NINTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress

95.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

96.     Defendants' conduct, in assaulting and battering Plaintiff SHAMARK WILLIAMS, was careless and negligent as to the emotional health of Plaintiff and caused severe emotional distress to Plaintiff SHAMARK WILLIAMS.

97.     The acts and conduct of Defendants was the direct and proximate cause of injury and damage to Plaintiff SHAMARK WILLIAMS and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

98.     As a result of the foregoing, plaintiff SHAMARK WILLIAMS was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

99.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PUNITIVE DAMAGES AGAINST ALL INDIVIDUAL DEFENDANTS ARE WARRANTED AND APPROPRIATE

100.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

101.    The acts of the individual Defendants were willful, wanton, malicious and

oppressive, and were motivated solely by a desire to harm Plaintiff, without regard for Plaintiff'

well-being, and were based on a lack of concern and ill-will towards Plaintiff.

102.     As such, Plaintiff seeks punitive damages as to all defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SHAMARK WILLIAMS prays for relief as follows:

a.     That the jury find and the Court adjudge and decree that plaintiff SHAMARK

WILLIAMS shall recover compensatory damages in an amount to be determined at trial against

the individual defendants and the City of New York, jointly and severally, together with interests

and costs, and punitive damages in an amount to be determined at trial against the individual

defendants, jointly and severally;

b.     That the plaintiff recovers the cost of this suit, including reasonable attorneys'

fees pursuant to 42 U.S.C. § 1988; and

c.     That the plaintiff has such other and further relief as the Court shall deem just and

proper.

Dated:     April 22, 2019
           New York, New York

                                        **BRILL LEGAL GROUP, P.C.**


                                        By: _____/s/_____
                                             **Peter E. Brill (PB0818)**


                                        By: _____/s/_____
                                             **David Gray**
                                             306 5th Avenue
                                             New York, NY 10001
                                             (212) 233-4141

                                        *ATTORNEYS FOR PLAINTIFF*

Amendments Dated:     November 2, 2022
                      New York, New York     *Amendments made by Pro Se Plaintiff*


/s/ Shamark Williams

Shamark Williams
530 West 178th Street, Apt. 5J
New York, NY 10033
wshamark@yahoo.com
(917) 349-2972