UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/31/2023

SHAMARK WILLIAMS,

        Plaintiff,

   -against-                   19 Civ. 3548 (CM)(SDA)

MICHAEL VACCARO, et al.,

        Defendants.

——————————————————————————x

ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT    TO
NAME JOHN DOE DEFENDANTS AND DISMISSING WITH   PREJUDICE
CLAIMS AGAINST JOHN DOE DEFENDANTS; VACATING ORDER OF
MAY 10, 2023, DKT. NO. 62, ONLY TO RESTORE PLAINTIFF'S CLAIM FOR
MALICIOUS PROSECUTION (COUNT SIX) AGAINST DEFENDANT
MICHAEL VACCARO; AND GIVING PLAINTIFF UNTIL JULY 14, 2023, TO
EFFECT SERVICE ON DEFENDANT VACCARO

McMahon, J.:

      The conference called by the court's order dated May 10, 2023, (Dkt. No. 92) ("May 10

Order"), was held this morning, May 30. This order is limited to recording the rulings made at

that conference; a complete transcript of proceedings will be filed on ECF as well.

      1.     Plaintiff Williams' motion for leave to file an amended complaint naming the two

ESU officers who were sued as John Does in the original complaint is DENIED. On the basis of

the record before me, plaintiff's former counsel, The Brill Group, were provided with initial

discovery by the Corporation Counsel on or about January 30, 2020,[1] which discovery included

the names of the two officers (Detective Jason Ramirez and Detective Michael Dazi) who

transported the plaintiff from the 33rd Precinct to Harlem Hospital on January 12, 2018, and who

---

[1]    At the court's request, this date was ascertained by the Assistant Corporation Counsel assigned to the case.

were sued as John Does by The Brill Group for their actions of that night. The Brill Group were

not relieved as counsel by the court until November 17, 2020 (although Mr. Williams insists that

he fired them in March 2020, his attorneys appeared at the mediation, so they understood that

they were his attorneys until the court ordered otherwise). These experienced attorneys could

have filed an amended complaint naming the officers at any time prior to leaving the case,

including prior to the onset of the COVID epidemic and while the mediation was pending. They

also could have advised their former client that they knew who the John Doe officers were, so

that Mr. Williams could amend the complaint to name them himself. It appears that they did not

do so; indeed, it appears that The Brill Group lawyers did not turn their file over to their client

when they were relieved in November 2020, or otherwise advise their client that the identity of

the John Does was known to them. This placed Mr. Williams, an individual with no legal

training, at a tremendous disadvantage.

However, as noted in the May 10 Order, Mr. Williams did very little (other than try to

find new counsel, an effort that was unsuccessful) to move this case along between the time he

took over his own representation in November 2020 and October 2022. In particular, Mr.

Williams did not notify the court that he had never received the file from his previous attorneys,

although he wrote several letters to the court between the time he changed his address on the

docket on February 9, 2022, (Dkt. No. 34),[2] and the time he finally moved for leave to amend his

complaint to add the officers, on November 3, 2022, (Dkt. No. 76).[3]  In these letters, he indicated

that he was having no luck finding a lawyer, asked for pro bono counsel, and demanded that the

---

[2] There was a period when we did not know where Mr. Williams was or how to contact him; the
City made a motion demanding that he update his address as early as May 2021. (Dkt. No. 25).

[3] Following an informal motion to amend in a letter dated October 6, 2022. (Dkt. No. 71).

case be moved forward for trial (something he seems to have expected the Corporation Counsel to do, which those of us familiar with these matters know to be a highly unlikely strategy). Nor did Mr. Williams advise Magistrate Judge Aaron, to whom the City's motion to dismiss the case as against Officer Vaccaro was referred, that he needed assistance in locating the identifies of the John Doe officers. Had either judge been appraised that Mr. Williams did not have the file we could have done something about it.

While acknowledging his lack of legal acumen, the court notes that Mr. Williams was clearly not incapable of moving forward with his case during the two year period between the court's relieving The Brill Group of its representational responsibilities and the date when Mr. Williams engaged with the NYLAG Clinic and began calling the Assistant Corporation Counsel to obtain the names of the John Doe officers (which were promptly provided to him). In response to the court's questions about whether he might be entitled to an equitable tolling of the statute of limitations, Mr. Williams did not indicate that he was in any way physically or mentally incapacitated during this period.  That he preferred to have a lawyer handle the case for him neither tolled the statute of limitations nor prevented him from moving the case forward himself. Indeed, the court had advised him that he would have to prosecute the case himself if he could not find a lawyer to do it for him. (Dkt. No. 24).

In deciding whether or not to permit a John Doe defendant to be served out of time, the Second Circuit has indicated that the diligence of a plaintiff in trying to ascertain the identity of the John Doe defendants *prior to* the expiration of the statute of limitations – which, as I indicated in the May 10 Order, ran on the claims against those defendants, on or about September 1, 2021 – is of great importance. *Hogan v. Fisher*, 738 F. 3d 509, 518–19 (2d Cir. 2013). It does not appear that the plaintiff was diligent in this regard. Indeed, in this most

unusual case, the plaintiff (through counsel) was provided with the names of the John Does when there was still a year to run on the statute (without regard to the COVID toll, which would be imposed at a later date and would extend the limitations period by 228 days). That his lawyers were not just not diligent but negligent, for failing to amend the complaint promptly upon learning those names, or at any time prior to their relinquishing representation of plaintiff, cannot be doubted. But plaintiff was advised a year ago, by Judge Aaron and subsequently by this court, that the remedy for defalcations by The Brill Group is a lawsuit against The Brill Group – not the resurrection of claims against the officers as to which the statute of limitations has long since expired. Because the first *Hogan* factor is not met, the court declines to allow the John Doe defendants to be named out of time and dismisses with prejudice the claims asserted against them.

2.      My premature dismissal of the malicious prosecution claim against Officer Vaccaro must be undone. The dismissal of all claims without prejudice was entered on June 16, 2022 (Dkt. No. 62), but the order dismissing all claims with prejudice, on the ground that the statute of limitations had run, was not entered until July 26, 2022 (Dkt. No. 65). For the reasons stated in the May 10 Order, the statute of limitations on the malicious prosecution claim was not due to run until September 8, 2022 – put otherwise, it still had 44 days left to run.

The order of July 26, 2022, dismissing all claims against Officer Michael Vaccaro with prejudice is hereby vacated, but only to the extent to which that order dismissed the claim for malicious prosecution against Officer Vaccaro (Count Six). Insofar as the July order dismissed the rest of the claims against Officer Vaccaro, the court does not vacate the order; those claims are dismissed with prejudice because they are time-barred and Officer Vaccaro was not properly served prior to the expiration of the statutes of limitations for those claims, which occurred on or

4

before September 1, 2021 (well prior to the court's order to show cause and the dismissal of those claims with prejudice).

The claim for malicious prosecution against Officer Vaccaro is deemed restored to this case in exactly the state it enjoyed on the date when it was wrongfully dismissed – that is to say, there are 44 days left to run on the statute of limitations. 44 days from today, May 31, 2023, is Friday, July 14, 2023. Mr. Williams must obtain a summons from the Clerk and serve Officer Vaccaro (which he may do at the officer's current place of employment, the 33rd Precinct) on or prior to the close of business Friday, July 14, 2023. He must then advise the court whether he has served the officer. If he effects service by July 14, the court will schedule a new conference promptly.

Dated: May 31, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

ALSO BY FIRST CLASS MAIL TO MR. WILLIAMS

BY EMAIL TO THE NYLAG LEGAL ASSISTANCE CLINIC (Robyn Tarnofsky, Esq.)