UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SHAMARK WILLIAMS

        Plaintiff,

vs.                                                                                                    19 Civ. 03548

MICHAEL VACCARO,

        Defendant.

------------------------------------------------------------x

**DECISION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

McMahon, J.:

      This is an action brought by Shamark Williams, pursuant to 42 U.S.C. § 1983, for malicious prosecution in violation of Plaintiff's constitutional rights. Plaintiff, currently proceeding pro se, sues Defendant Police Officer Michael Vaccaro. Defendant moves for summary judgment on the following grounds: (1) probable cause existed for commencing the proceeding against Plaintiff; (2) Plaintiff cannot prove that his prosecution was motivated by malice; and (3) Defendant is entitled to immunity.

      For the reasons stated below, Defendant's motion for summary judgment is GRANTED. Plaintiff's informal request to be allowed to amend his response and to take further (unspecified) discovery are DENIED.



## BACKGROUND

The Court confines itself to a rendition of those facts important to the instant motion. All other claims and Defendants in this action have been dismissed. *See* Dkt. No. 93.

On the night of January 12, 2018, Plaintiff Shamark Williams was involved in an altercation with fellow tenants, Robert Watson and "Mr. Khaleel," on the fifth floor of his apartment building. Dkt. No. 106, Virtual Deposition of Shamark Williams taken on December 11, 2023, at 39:11. Plaintiff admitted to "shov[ing] [Watson] out of the way" in the midst of the dispute. *Id.* Video surveillance footage captured the moment when Plaintiff "shoved" Watson. *See id.* at 54. Mr. Khaleel called 911. *See id.* at 32:4-8.

At approximately 9:56 p.m., Defendant Police Officer Michael Vaccaro received a radio call for an assault in progress on the fifth floor of Plaintiff's building. Dkt. No. 106, NYPD Job No. D18011226519. Upon arrival, Defendant alleges that he spoke with Watson, who told Defendant about the altercation and said that Plaintiff had elbowed him in the back. Dkt. No. 108 at ¶¶ 10-11; *see also* Dkt. No. 106, *The People of the State of New York v. Shamark Williams*, Dkt. No. 2018NY003381, Criminal Complaint. Defendant alleges that Watson showed him the area of his back that was touched. Dkt. No. 108 at ¶ 11. Plaintiff, for his part, alleges, "on information and belief, [that] Watson had no contact with the police and did not complain about Plaintiff or allege Plaintiff had assaulted him." Compl. at ¶ 53. Plaintiff did not identify any source of his "information and belief" that Watson had not complained to Officer Vaccaro.

Defendant arrested Plaintiff for assault in the third degree under New York Penal Law § 120.00(1). Dkt. No. 108, at ¶ 12.

The New York County District Attorney's Office drafted a criminal complaint, charging Plaintiff with two counts of Assault in the Third Degree [PL 120.00(1) and (2)], one count of Aggravated Harassment in the Second Degree [PL 240.30(4), Attempted Assault in the Third Degree [PL 10/120.00(1)], and Harassment in the Second Degree [PL 240,26(1)]. Dkt. No. 106, *The People of the State of New York v. Shamark Williams*, Dkt. No. 2018NY003381, Criminal Complaint. The sworn criminal complaint signed by Defendant stated that Plaintiff had "with the intent to harass, annoy, threaten and alarm another person…shoved...and otherwise subjected another person to physical contact thereby causing physical injury to such person." *Id.* at 1.

On January 23, 2019, the criminal prosecution in the Criminal Court of the City of New York was terminated in favor of Plaintiff. On April 22, 2019, Plaintiff brought the instant action. *See* Dkt. No. 1. The only claim that remains in suit following earlier motion practice is for malicious prosecution against Officer Vaccaro.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a federal district court must grant summary judgment upon a motion and finding that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). An issue of fact is material if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Once the moving party meets its burden by making a prima facie showing that there are no genuine issues of material fact, the non-moving party may defeat the motion only by producing

evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 256. Although "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996). Thus, summary judgment is appropriate in circumstances where there is "nothing in the record to support [a] plaintiff's allegations other than [the] plaintiff's own contradictory and incomplete testimony." *Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005). "When considering motions to dismiss the claims of plaintiffs proceeding pro se, courts in this Circuit are instructed to construe the pleadings liberally." *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001).

## DISCUSSION

To establish a malicious prosecution claim, "a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as motivation for defendant's actions.'" *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (quoting *Murphy v. Lynn,* 118 F.3d 938, 947 (2d Cir. 1997)).

Only the third and fourth elements of the malicious prosecution cause of action are contested by Defendant. Plaintiff has failed to raise a genuine issue of fact as to either element.

There is no genuine issue of material fact as to the existence of probable cause. Probable cause existed for commencing the proceeding against Plaintiff. "A finding of probable cause supporting an arrest defeats a malicious prosecution claim unless plaintiff can demonstrate that at

some point subsequent to the arrest, additional facts came to light that negated probable cause." *Dukes v. City of New York*, 879 F. Supp. 335, 342 (S.D.N.Y. 1995).

"[I]t is well-established that a law enforcement official has probable cause to arrest if he received information from some person, normally the putative victim or eyewitness." *Panetta v. Crowley,* 460 F.3d 388, 395 (2006). "[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.1994) (citation omitted).

Plaintiff argues that Defendant lacked probable cause for the arrest because Watson "had no contact with the police and did not complain about Plaintiff or allege Plaintiff had assaulted him." Compl. at ¶ 53. To support this assertion, Plaintiff points only to the fact that "Watson did not sign a corroborating affidavit" during the criminal proceeding against Plaintiff. Compl. at ¶ 57.

But that raises no genuine issue of material fact about what occurred between Watson and Defendant when Defendant arrived on the scene. Plaintiff concedes that Mr. Khaleel called 911 because of Plaintiff's dispute with fellow tenants. Plaintiff also admitted during his deposition to "shov[ing]" Watson, and there is video footage documenting the "shove." Plaintiff did not introduce any testimony from Watson to the effect that he never spoke to Defendant or complained about being shoved in the back; and one cannot draw that conclusion from the fact that he did not sign a corroborating affidavit. Plaintiff alleges as much, but "[t]hough [the Court] must accept as true the allegations of the party defending against the summary judgment motion, ... conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of N.Y.*, 88 F.3d 63, 71 (2d Cir. 1996) (internal citation omitted). Plaintiff's "information and belief" supposition that his neighbor did not give the officer the

5

information that was incorporated into the criminal complaint is nothing but conjecture or speculation. And while the City could have made things a lot easier by submitting an affidavit from Officer Vaccaro about his conversation with Watson, the fact is that it was under no obligation to do so—both because Defendant does not bear the burden of coming forward with evidence of probable cause, and because Officer Vaccaro effectively recounted that conversation under oath when he (as is customary) signed the criminal complaint. Plaintiff has not introduced a scintilla of evidence tending to show that the statements made in the criminal complaint were untrue.

Similarly, Plaintiff has failed to raise a genuine issue of fact as to malice. Malice consists of "a wrong or improper motive, something other than a desire to see the ends of justice served." *Lowth v. Town of Cheektowaga,* 82 F.3d 563, 573 (2d Cir. 1996) (internal citation omitted). First and foremost, when a proceeding is instituted on probable cause, malice becomes irrelevant. *See, e.g. Dukes v. City of New York*, 879 F. Supp. 335, 343-44 (S.D.N.Y. 1995); *Stewart v. Sonneborn*, 98 U.S. 187, 191 (1878). However, the Court also notes that Plaintiff has not introduced any evidence that Office Vaccaro acted out of malice by recounting what Wallace told him to the Court in the form of a criminal complaint. Plaintiff's position rests on little more than the proposition that a jury could infer the existence of actual malice from the absence of a corroborating affidavit from Watson or medical records documenting Watson's injuries. No such inference can be drawn.

Because there is no evidence to support any finding of a constitutional violation on Vaccaro's part, there is no need to address the issue of qualified immunity. Where there is no constitutional violation, qualified immunity drops out of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment dismissing this action is GRANTED. Plaintiff has not indicated how deficiencies in his pleadings may be remedied by a further opportunity to respond or further discovery. Accordingly, those motions are DENIED.

This constitutes a written opinion. The Clerk is directed to remove the motion at Dkt. No. 105 from the Court's list of open motions.

Dated: December 6, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

BY ECF TO ALL COUNSEL

BY FIRST CLASS MAIL TO PLAINTIFF